# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| Plaintiff, | | |
| v | * | CRIMINAL NO. : 16-226 |
| RICHARD SNELLGROVE, M.D. | | |
| Defendant. | * | |

## MOTION TO EXCLUDE TESTIMONY OF MICHAEL BARON, M.D.

COMES NOW the Defendant, Richard Snellgrove, M.D., by and through his attorneys, Dennis J. Knizley and Arthur T. Powell, III and respectfully moves this Honorable Court to exclude the testimony of Dr. Michael Baron and as grounds therefore states as follows:

1. The defendant would respectfully show this Honorable Court that the testimony of the government's purported expert, Dr. Baron, should be excluded from evidence at the trial of this case because his testimony does not comply with the requirements for admission of expert testimony as set forth in Federal Rule of Evidence 702, Daubert v. Merrill Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993), and other applicable case law.

2. The issues in this case, and the issues about which Dr. Baron would be expected to testify relate generally to whether or not certain controlled substance prescriptions for Matthew Roberts and others were outside the usual course of professional medical practice and not for a legitimate medical purpose. Dr. Baron's report, copy of which is attached hereto as Exhibit A and his Curriculum Vitae, attached hereto as Exhibit B, demonstrate that Dr. Baron is not qualified to render the opinions he intends to testify about at trial.  Even if Dr. Baron were qualified to render those opinions, the opinions do not satisfy the other requirements for admissibility of expert testimony.

3. Dr. Baron is a psychiatrist.  Dr. Baron appears to have held a board certification in anesthesiology in 1993 but no longer holds such a board certification. He holds a board certification in psychiatry and neurology and has also held board

certifications in addiction medicine. Conversely, Dr. Snellgrove is an internist practicing primary care medicine in Fairhope, Alabama. By training, education and experience Dr. Baron is not adequately qualified to assess a primary care physician's prescribing practices or his care of a specific patient. Dr. Baron's report fails to describe the methodology he utilized in reaching his opinions, and is quite generalized as to what specific information, data, and documentation upon which he relied to reach his conclusions. The opinions and conclusions reached by Dr. Baron fail to meet the requirements of Federal Rule of Evidence 702 in that the opinions are based upon insufficient facts and/or data, the opinions are not the product of demonstrated reliable principles and methods, and Dr. Baron's report fails to demonstrate that he has applied any principles or methods reliably to the facts of this case.

4. Dr. Baron's report contains broad generalizations which purport to establish a standard of care for the care and treatment of Matthew Roberts. For example, Dr. Baron states, without any supporting professional medical data, that controlled substances are "not appropriate" for chronic pain. Other examples include the statement that Dr. Snellgrove was "prescribing lethal doses of opioids to Roberts", that Dr. Snellgrove's prescribing of Duragesic Fentanyl transdermal patches "was outside the usual course of medical practice", and that Dr. Snellgrove's prescribing of controlled substances was for "trivial complaints that did not require that type or quantity of opiods". There are numerous other generalizations without any supporting factual medical basis to support the reliability of those generalizations.

WHEREFORE, premises considered, the Defendant respectfully moves this Honorable Court to exclude the testimony of Dr. Baron because he is not qualified to render the opinions he intends to testify about. In the alternative, if the Court determines that he is qualified to render those opinions then those opinions should be excluded for the foregoing reasons. Dr. Snellgrove also requests such other relief to which he may show itself entitled.

Respectfully submitted,

/s/ Dennis J. Knizley
Dennis J. Knizley
Attorney for the Defendant
7 N. Lawrence Street

        Mobile, Alabama 36602
        Phone:  (251) 432-3799

        /s/. Arthur T. Powell, III
        Attorney for the Defendant
        Arthur T. Powell, III
        158 Congress Street
        Mobile, AL 36603
        Phone: (251) 433-8310

## CERTIFICATE OF SERVICE

I hereby certify that I have on this 6th day of February 2018, served a true and correct copy of the foregoing pleading by electronically filing same with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Assistant U.S. Attorney Deborah A. Griffin.

        /s/ Dennis J. Knizley

        /s/ Arthur T. Powell, III