**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

|  |  |  |
|---|---|---|
| | * | |
| **UNITED STATES OF AMERICA** | | |
|     **Plaintiff,** | | |
| **v** | * | **CRIMINAL NO. : 16-226** |
| | | |
| **RICHARD SNELLGROVE, M.D.** | | |
|     **Defendant.** | * | |

**MOTION TO EXCLUDE TESTIMONY OF RAHUL VORHA, M.D.**

COMES NOW the Defendant, Richard Snellgrove, M.D., by and through his attorneys, Dennis J. Knizley and Arthur T. Powell, III and respectfully moves this Honorable Court to exclude the testimony of Dr. Rahul Vohra and as grounds therefore states as follows:

1. The defendant would respectfully show this Honorable Court that the testimony of the government's purported expert, Dr. Vohra, should be excluded from evidence at the trial of this case because his testimony does not comply with the requirements for admission of expert testimony as set forth in Federal Rule of Evidence 702, Daubert v. Merrill Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993), and other applicable case law.

2. The issues in this case, and the issues about which Dr. Vohra would be expected to testify relate generally to whether or not certain controlled substance prescriptions for Matthew Roberts and others were outside the usual course of professional medical practice and not for a legitimate medical purpose. Dr. Vohra's report, copy of which is attached hereto as Exhibit A and his Curriculum Vitae, attached hereto as Exhibit B, demonstrate that Dr. Vohra is not qualified to render the opinions he intends to testify about at trial. Even if Dr. Vohra were qualified to render those opinions, the opinions do not satisfy the other requirements for admissibility of expert testimony.

3. Dr. Vohra holds board certifications in physical medicine and rehabilitation and pain medicine. His present occupation is a pain management physician at New South Neurospine where he has practiced since 2008. Conversely, Dr. Snellgrove is an

internist practicing primary care medicine in Fairhope, Alabama. By training, education and experience Dr. Vohra is not adequately qualified to assess a primary care physician's prescribing practices or his care of a specific patient.  Dr. Vohra's report is somewhat void of adequate descriptions of the methodology which he utilized in reaching his opinions, and is quite generalized as to what specific information, data, and documentation upon which he relied to reach his conclusions. The opinions and conclusions reached by Dr. Vohra fail to meet the requirements of Federal Rule of Evidence 702 in that the opinions are based upon insufficient facts and/or data, the opinions are not the product of demonstrated reliable principles and methods, and Dr. Vohra's report fails to demonstrate that he has applied any principles or methods reliably to the facts of this case.

4. Specifically, Dr. Vohra states in his report "there is minimal evidence" in Matthew Roberts medical file of comprehensive physical examinations. However, he fails to define or clearly indicate what "minimal" is in this context.  He further says there is 'limited documentation of any functional benefit" of the prescriptions by Dr. Snellgrove to Roberts, again not providing any factual basis for what is meant by "limited documentation".  Further, Dr. Vohra says there is "little evidence of ongoing physical examination evaluations" with no specificity of what the term "little" is supposed to indicate. Throughout his report he uses the terms such as "unclear diagnosis" and "lack of documentation" and the like without specifying any reliable factual basis for those opinions.

WHEREFORE, premises considered, the Defendant respectfully moves this Honorable Court to exclude the testimony of Dr. Vohra because he is not qualified to render the opinions he intends to testify about.  In the alternative, if the Court determines that he is qualified to render those opinions then those opinions should be excluded for the foregoing reasons.  Dr. Snellgrove also requests such other relief to which he may show itself entitled.

Respectfully submitted,

/s/ Dennis J. Knizley
Dennis J. Knizley
Attorney for the Defendant
7 N. Lawrence Street

Mobile, Alabama 36602
Phone:  (251) 432-3799
/s/. Arthur T. Powell, III
Attorney for the Defendant
Arthur T. Powell, III
158 Congress Street
Mobile, AL 36603
Phone: (251) 433-8310

## CERTIFICATE OF SERVICE

I hereby certify that I have on this 6th day of February 2018, served a true and correct copy of the foregoing pleading by electronically filing same with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Assistant U.S. Attorney Deborah A. Griffin.

/s/ Dennis J. Knizley

/s/ Arthur T. Powell, III