IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| | *   Criminal No. 16-00226-KD |
| v. | * |
| | * |
| RICHARD SNELLGROVE, M.D. | * |

**RESPONSE TO DEFENDANT'S REQUEST FOR A *DAUBERT* HEARING**

Comes now the United States of America, by and through Richard W. Moore, the United States Attorney for the Southern District of Alabama, and files this response to defendant Richard Snellgrove's request for a *Daubert* hearing to assess the whether Dr. Rahul Vohra, M.D. and Dr. Michael Baron, M.D. possess the requisite expertise to offer opinion testimony at trial.

### BACKGROUND

On February 6, 2018, both the United States and defendant Richard Snellgrove filed motions requesting a *Daubert* hearing with regard to certain proposed expert witnesses. The United States requested a hearing for Dr. James McDuff on the basis that he appears to have no clinical experience — let alone any expertise — in the prescribing of fentanyl.[1] [Doc. No. 53] In his request for a *Daubert* hearing, Dr. Snellgrove contends that Dr. Vohra and Dr. Baron are not qualified to offer their proposed expert testimony because they do not practice primary care medicine, and because the summaries of their proposed testimony are overly generalized. [Docs. No. 51, 52] Dr. Snellgrove also contends that the opinions of both Dr. Vohra and Dr. Baron "are based upon insufficient facts and/or data," and "are not the product of demonstrated reliable principles and methods." [*Id.*, p. 2]

---

[1]     In the United States' motion for a *Daubert* hearing, the date of the Superseding Indictment was erroneously listed as October 26, 2016. [Doc. No. 53, p. 3] The correct date of the Superseding Indictment is October 26, 2017.

1

## ANALYSIS

### A. Applicable Law

When a party challenges the qualifications of a proposed expert witness, the Court can hold a *Daubert* hearing during which the proponent bears the burden of establishing their witness's expert qualifications. *See United States v. Frazier*, 387 F.3d 1244, 1260 (11th Cir. 2004) (en banc). However, a *Daubert* hearing is not automatically triggered by such a challenge, nor is a hearing required for a court to find that a witness possesses the requisite expertise. *Id.* at 1264. *See also*, *Corwin v. Walt Disney Co.*, 475 F.3d 1239, 1252 n.10 (11th Cir. 2008) (explaining that in *Daubert* context, "although they are often helpful, hearings are not prerequisite to such determinations under the Federal Rules or established law"); *Cook ex rel. Estate of Tessier v. Sheriff of Monroe County, Fla.*, 402 F.3d 1092, 1113 (11th Cir. 2005) ("the trial court was under no obligation to hold" a *Daubert* hearing); *Abrams v. Ciba Specialty Chems. Corp.*, 2010 U.S. Dist. LEXIS 19157, *5–7 n.1 (S.D. Ala. Mar. 2, 2010) (denying request of a *Daubert* hearing).

As the Eleventh Circuit explained, district courts are granted "considerable leeway in the execution of its [gatekeeping] duty." *United States v. Brown*, 415 F.3d 1257, 1266 (11th Cir. 2005). Furthermore, the Eleventh Circuit has:

> repeatedly stressed *Daubert*'s teaching that the gatekeeping function under Rule 702 is not meant to supplant the adversary system or the role of the jury: vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking *shaky but admissible evidence*."

*Adams v. Lab. Corp. of Am.*, 760 F.3d 1322, 1334 (11th Cir. 2014) (original emphasis) (citing *United States v. Alabama Power Co.*, 730 F.3d 1278, 1282 (11th Cir. 2013) (quoting *Allison v. McGhan. Corp.*, 184 F.3d 1300, 1311–12 (11th Cir. 1999)); *see also Hanna v. Ward Mfg.*, 2018 U.S. App. LEXIS 703, *7–8 (11th Cir. Jan. 10, 2018).

## B. Defense Challenge of Dr. Rahul Vohra, M.D.

Dr. Rahul Vohra is a double board certified physician who practices pain management in Jackson, Mississippi. He previously testified as an expert in this district during the trial of Dr. Xiulu Ruan and Dr. John Patrick Couch. *United States v. Couch, et al.*, 15-cr-00088-CG. Dr. Snellgrove's attorneys also represented Dr. Ruan and Dr. Couch, and neither objected to Dr. Vohra's expert qualifications in that trial. [Doc. No. 722-10, p. 149] Furthermore, Dr. Vohra gave expert testimony about the prescribing of fentanyl in the Couch/Ruan trial, which is the same topic he intends to testify about in the Dr. Snellgrove trial. *See e.g.* [*Id.*, p. 199]

Dr. Snellgrove's main argument for why Dr. Vohra should not be qualified as an expert in this case is because Dr. Vohra is not a primary care physician. Accordingly, Dr. Snellgrove contends that Dr. Vohra "is not adequately qualified to assess a primary care physician's prescribing practices or his care of a specific patient. [Doc. No. 52, p. 2] However, this distinction is, at best, only marginally relevant. In the Couch/Ruan trial, Dr. Couch's attorneys objected to the calling Dr. Tricia Aultman, a practicing internist, to give expert opinion testimony on the grounds that she did not practice pain management like the defendants in that case. The objection was overruled, and she was permitted to testify. [Doc. No. 722-19, pp. 16–18] This issue was further addressed in the Order denying the defendants' motions for a judgment of acquittal and/or a new trial — "Dr. Aultman is an internist and testified that she regularly uses and prescribes opiates for patients that have chronic pain. She has also been qualified as an expert before in federal court. The Court finds she was qualified to testify as an expert." [Doc. No. 703, p. 15]

Dr. Vohra has clinical experience prescribing fentanyl to patients, and has previously been qualified as an expert on that topic by this Court. While the fact that he is not a primary care physician may be something the defense chooses to cross-examine Dr. Vohra about, this is not a legitimate challenge to his expertise that would warrant the need for a *Daubert* hearing.

Dr. Snellgrove also makes a surface-level argument that Dr. Vohra is not qualified because his "opinions are based upon insufficient facts and/or data, the opinions are not the product of demonstrated reliable principles and methods, and Dr. Vohra's report fails to demonstrate that he has applied any principles or methods reliably to the facts." [Doc. No. 52, p. 2] This language in Rule 702 is more pertinent when the expert opinions are based on scientific studies. Dr. Vohra's opinions are not based on scientific studies, but rather his nearly 30 years of clinical experience.

Finally, the remainder of Dr. Snellgrove's complaints about Dr. Vohra's proposed testimony involve his alleged lack of specificity as to certain terms. However, his alleged lack of specificity is immaterial to the determination of whether Dr. Vohra has the requisite expertise to offer his proposed expert testimony.

For all the reasons stated above, the United States does not believe a *Daubert* hearing is necessary for the Court to determine whether Dr. Vohra is qualified to offer his proposed expert opinion testimony at trial.

### C. Defense Challenge of Dr. Michael Baron, M.D.

Dr. Michael Baron is currently a board certified psychiatrist and the medical director of the Tennessee Medical Foundation — an organization that works with medical professionals seeking help for their own substance abuse issues. He concurrently serves as a pro bono psychiatrist for the Davidson County Drug Court, and as a Clinical Assistant Professor in the Department of Psychiatry at the Vanderbilt University School of Medicine. Prior to switching to the field of psychiatry, Dr. Baron was a board certified anesthesiologist, during which time he had significant clinical experience with fentanyl. Dr. Baron has consulted on several federal criminal cases regarding the prescribing of Controlled Substances. However, none of these cases have gone to trial. Accordingly, he has not yet had the opportunity to qualify as an expert in federal court.

The United States' analysis for Dr. Baron is very similar to the analysis above for Dr. Vohra. The fact that Dr. Baron is not a primary care physician or internist is largely irrelevant. The relevant issue before the jury is not whether Dr. Snellgrove is a good primary care physician, but rather whether the fentanyl prescriptions written directly and indirectly to Matthew Roberts were written within the usual course of professional medical practice and for a legitimate medical purpose. The prescribing of fentanyl is not unique to primary care physicians or internists. Any medical practitioner with the proper DEA registration number can prescribe or dispense fentanyl. Dr. Baron, like Dr. Vohra, has significant clinical experience doing just this. Thus, while the fact that they practice in different areas may be good fodder for cross-examination, the relevant issue for purposes of qualifying as an expert is clinical experience with fentanyl.[2]

Dr. Snellgrove then makes the same general argument that Dr. Baron is not qualified because his "opinions are based upon insufficient facts and/or data, the opinions are not the product of demonstrated reliable principles and methods, and Dr. Baron's report fails to demonstrate that he has applied any principles or methods reliably to the facts of this case." [Doc. No. 51, p. 2] As was the case with Dr. Vohra, Dr. Baron's opinions are not based on scientific studies, but rather his years of relevant clinical experience.

Finally, Dr. Snellgrove alleges that Dr. Baron's conclusions are overly generalized. Once again, this is something that can be addressed during his direct and cross-examination. Allegedly generalized opinions do not affect whether Dr. Baron possesses the requisite expertise to offer relevant opinion testimony in this case.

---

[2]   It is exactly this *lack* of any apparent clinical experience with fentanyl that led to the United States requesting a *Daubert* hearing for the defense's proposed expert, Dr. James McDuff. [Doc. No. 53] Lack of clinical experience prescribing the one drug at issue in this case is a matter the United States believes would actually disqualify someone from offering expert testimony on Dr. Snellgrove's prescribing of fentanyl directly and indirectly to Matthew Roberts.

5

## CONCLUSION

For all the reasons set out herein, the United States does not believe a *Daubert* hearing is needed to determine whether Dr. Rahul Vohra, M.D. or Dr. Michael Baron, M.D. are sufficiently qualified to offer their proposed expert testimony. Accordingly, Dr. Snellgrove's motions for a *Daubert* hearing, [Doc. Nos. 51, 52] should be denied.

Respectfully submitted this 15th day of February, 2018.

RICHARD W. MOORE
UNITED STATES ATTORNEY
by:


By: */s/Christopher J. Bodnar*
Christopher J. Bodnar
Assistant United States Attorney
63 South Royal Street, Suite 600
Mobile, Alabama 36602
(251) 441–5845
christopher.bodnar@usdoj.gov

By: */s/ Deborah A. Griffin*
Deborah A. Griffin
Assistant United States Attorney
63 South Royal Street, Suite 600
Mobile, Alabama 36602
(251) 441–5845
deborah.griffin@usdoj.gov