## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| | * | |
| UNITED STATES OF AMERICA | | |
| Plaintiff, | | |
| v | * | CRIMINAL NO. : 16-226 |
| | | |
| RICHARD SNELLGROVE, M.D. | | |
| Defendant. | * | |

## MOTION IN LIMINE TO PRECLUDE ASPECTS OF PROPOSED TESTIMONY

COMES NOW the Defendant, Richard Snellgrove, M.D., by and through his attorneys, Dennis J. Knizley and Arthur T. Powell, III, and respectfully moves this Honorable Court, in limine, to preclude aspects of the proposed testimony of DEA Special Agent Michael Burt, DEA Supervisory Diversion Investigator Justin G. Wood, Pharmacy Director of the Alabama Department of Public Health Nancy Bishop, and an unnamed Alabama Medical Board Member and/or Investigator, and as grounds therefore states as follows:

1. The government in their expert disclosure of August 11, 2017, listed a number of expert witnesses. The government then listed four witnesses that "the United States considers the following witnesses to be fact witnesses and not true Rule 702 expert witnesses." The disclosure then goes on to describe their "expert testimony". No bases or reasons are given for these "opinions", nor the experts' qualifications given, if they are going to be expert witnesses. The testimony from Agent Burt and Supervisory Diversion Investigator Wood seem to be combined into one summary and are represented by the government to be on the following topics:

> Prescription drug addiction and the dangers of overdose and death. The diversion of controlled substances from through prescription writing and doctor dispensing. The commonly diverted prescription drugs. They will identify the brand names of these controlled substances as well.
>
> The "red flags" of doctor drug diversion, including a brief, or non-existent, physical examination or medical history;

> prescribing pursuant to patient request; prescribing despite indications of addiction and drug-seeking behaviors, such as requests for early refills, claims that drugs were lost or stolen, or obtaining prescriptions from multiple providers. They will also testify that physicians cannot write prescriptions for a patient in another patient's name or in anyone else's name.
>
> The dangers of irresponsible opioid prescribing, including the danger that the patient will become addicted to the opioid, the danger that irresponsible prescribing can lead to a patient's overdose and/or death; and the effects of opioid addiction on the patient.

2.     The indictment in this case centers around the alleged illegal distribution of controlled substances, including opioids, to one person, Matthew Roberts, and does not encompass any allegation regarding the overall prescribing practices of Dr. Snellgrove. Testimony of the nature described to be elicited from Agent Burt and Investigator Wood is irrelevant, immaterial, and have no probative value to the jury in determining the guilt or innocence of the defendant as to his alleged distribution of controlled substances to one patient. If any relevance exists, these opinions and broad assertions as described above would be precluded by Rule 403 of the Federal Rules of Evidence, as the testimony would create unfair prejudice, confuse the issues for the jury, be misleading, cause undue delay, and be a waste of time.

3.     As to the opinion testimony, the required disclosures under Rule 16 for experts have not been made and expert testimony from these witnesses should not be admissible.

4.     The government also identifies Nancy Bishop, and again provides no bases and reasons for any opinions she may give, nor offers any qualifications she may have as an expert. The purported testimony is as follows:

> Ms. Bishop will testify how the Alabama PDMP works and identify Matthew Roberts, Larry Lawrence, Jeremy Ryals, Darryl Roberts, Jr. and Darryl Roberts, Sr.'s Alabama PDMP

files. She will also identify Dr. Snellgrove's PDMP showing the dosage and number of controlled substance scripts he wrote. She may give comparisons of numbers and dosage units of controlled substances written by Dr. Snellgrove to those numbers of controlled substances written by other doctors.

5.      As to Ms. Bishop identifying Dr. Snellgrove's PDMP showing the dosage and number of controlled substance prescriptions he wrote, except for those individuals whose prescriptions are identified in the indictment in this case, it is totally irrelevant to the issues which a jury will be called upon to decide. Any comparisons of numbers of dosages of units of controlled substances written by Dr. Snellgrove as compared to controlled substances written by other doctors is also irrelevant and immaterial. If any of the evidence is relevant, it is due to be excluded under Rule 403, as its probative value is substantially outweighed by a danger of creating unfair prejudice, confusing the issues, misleading the jury, undue delay, and a waste of time.

6.      As to opinion testimony by Ms. Bishop, the required disclosures under Rule 16 for experts have not been made and expert testimony from this witness should not be admissible.

7.      Lastly, an unnamed Alabama Medical Board Member and/or Investigator has been identified as a witness who is going to give opinions. Again, that person is not even identified by name and no bases or reason for their opinions or the qualifications of this unknown potential expert witness is given. That person will purportedly testify that the Alabama Medical Board attempted to identify Dr. Snellgrove as a pain specialist, and make him pay a one-hundred dollar fee for being so labeled. Dr. Snellgrove did not then and does not now consider himself a "pain specialist", but a primary care physician. This testimony is also irrelevant to the issues in the case, and to the degree it is relevant, it should be excluded under Rule 403 of the Federal Rules of Evidence as its probative value is substantially outweighed by a danger of creating

unfair prejudice, confusing the issue, misleading the jury, causing undue delay, and a waste of time.

8.     As to opinion testimony by this unnamed Alabama Medical Board Member and/or Investigator witness, the required disclosures under Rule 16 for experts have not been made and expert testimony from this witness should not be admissible.

Respectfully submitted,
/s/ Dennis J. Knizley
Dennis J. Knizley
Attorney for the Defendant
7 N. Lawrence Street
Mobile, Alabama 36602
Phone:  (251) 432-3799

/s/. Arthur T. Powell, III
Attorney for the Defendant
Arthur T. Powell, III
158 Congress Street
Mobile, AL 36603
Phone: (251) 433-8310

**CERTIFICATE OF SERVICE**

I hereby certify that I have on this 20th day of February 2018, served a true and correct copy of the foregoing pleading by electronically filing same with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Assistant U.S. Attorney Deborah A. Griffin.

/s/ Dennis J. Knizley

/s/ Arthur T. Powell, III