## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| **V.** | * | **CASE NO. 16-226** |
| | * | |
| **RICHARD SNELLGROVE, M.D.** | * | |

## RESPONSE TO THE GOVERNMENT'S MOTION REQUESTING A *DAUBERT* HEARING AS TO DR. JOHN C. MCDUFF, M.D.

Comes now the Defendant, by and through undersigned counsel, and files this response to the Government's Motion Requesting a *Daubert* Hearing as to Dr. John C. McDuff, M.D. alleging that Dr. McDuff does not possess the requisite expertise to offer opinion testimony at trial.

Dr. John C. McDuff, M.D. is Board Certified in Internal Medicine and is a Fellow of the American College of Physicians. Dr. McDuff has practiced as a primary care physician in family practice for over 35 years in Baldwin County, Alabama. Dr. Richard Snellgrove is also an Internist, practicing as a primary care physician in family practice in Baldwin County, Alabama.

The government alleges that Dr. McDuff should be disqualified in this case on the basis that he has not prescribed Duragesic Fentanyl, a transdermal patch applied to the body, to any of his own patients within the last five years. The fact that Dr. McDuff may have made his own clinical decisions to utilize different opioids or other medications in a hypothetically similar fact situation is but one factor which the government is free to explore on cross examination. However, it is not disqualifying.

Dr. McDuff bases his opinions on his 35 years of clinical primary care practice experience, his thorough review of the medical records of Matthew Roberts, authoritative

medical literature, and other information. His experience and training qualify him to testify regarding the two primary issues in this case, namely, whether or not Dr. Snellgrove's care and treatment of Matthew Roberts during the timeframe of the subject indictment was consistent with the usual course of professional medical practice and, whether that care and treatment was for a legitimate medical purpose.

Dr. McDuff's expert disclosure reveals that Fentanyl Duragesic is approved by the FDA for the management of moderate to severe chronic pain in opioid tolerant patients and is indicated for pain severe enough to require daily, around the clock, long term opioid treatment and for which alternative treatment options are inadequate. Dr. Snellgrove's medical records of Matthew Roberts indicate that Mr. Roberts was in fact opioid tolerant and suffering from moderate to severe chronic pain during the subject timeframe. Importantly, Matthew Roberts suffered for many years from at least two significant legitimate medical diagnoses, namely, multilevel disk herniation and bulging with nerve root contact, as well as psoriatic arthritis in both hands. Both of these conditions are known to cause moderate to severe pain for which Fentanyl Duragesic is indicated by the Food and Drug Administration.

Dr. McDuff will opine that he is aware of no consensus in the medical community for the appropriate treatment of moderate to severe chronic pain. Some physicians do no prescribe opioids for various reasons while other physicians believe these medications provide better pain relief and management than any other medication. Dr. McDuff will testify that it is the exercise of a physician's professional medical judgment to determine what treatment is appropriate for a particular patient taking into account various factors.

Dr. Snellgrove's treatment utilizing Fentanyl Duragesic patches was an entirely consistent and appropriate exercise of medical judgment and consistent with and well within the usual course of professional medical practice and for a legitimate medical purpose.

Finally, the government makes the argument that Dr. McDuff is a primary care physician "whereas Dr. Snellgrove was a pain management practitioner during the relevant time period". This argument lacks any merit whatsoever. Dr. Snellgrove was required by the Alabama Board of Medical Examiners pay a $100.00 annual fee and register with the Board according to the pain management services requirements specified in the administrative rules of the Board. This registration requirement was imposed based upon the number of scheduled drugs prescribed by Dr. Snellgrove during 2015. The vast majority of those prescriptions were related to Dr. Snellgrove's weight loss patients. This registration requirement does not somehow morph Dr. Snellgrove from a primary care physician into a pain management physician.

Respectfully Submitted,

/s/ Arthur T. Powell, III
ARTHUR T. POWELL, III
(POWEA5539)
158 Congress Street
Mobile, AL 36603
Tel: (251) 433-8310
Fax: (251) 432-5507

/s/ Dennis J. Knizley
Dennis J. Knizley
Attorney for the Defendant
7 N. Lawrence Street
Mobile, Alabama 36602
Phone: (251) 432-3799

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served this the 21st day of February, 2018 upon all counsel of record by electronically filing the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

/s/ Arthur T. Powell, III
Arthur T. Powell, III