# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Criminal Action No. 16-00226-KD-B |
| ) | |
| RICHARD SNELLGROVE, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court are motions for a pretrial ruling on a proposed jury instruction related to Count 13 (the death enhancement count) of the superseding indictment. (Doc. 83 & 84). The Government and defendant Richard Snellgrove simultaneously submitted briefing on the issue. Both parties agree resolving the issue before trial will aid in preparing for and organizing the trial. Therefore, the motion for a pretrial ruling is granted as set out more fully below.

## I. Introduction

Snellgrove is charged in a 13-count indictment. If convicted of the 13th and final count - charging that Snellgrove knowingly, intentionally, and unlawfully prescribed fentanyl to Matthew Roberts and that Roberts' death "result[ed] from" the use of the fentanyl - imposes a mandatory-minimum penalty of not less than 20 years. The statute applies "if death or serious bodily injury results from the use of such substance . . . ." 21 U.S.C. § 841 (b)(1)(A)-(C).

In 2014, the Supreme Court, in <u>Burrage v. United States</u>, specifically addressed the penalty provision. The Court held that "a defendant cannot be liable under the penalty enhancement provision of 21 U.S.C. § 841(b)(1)(C) unless such use is a but-for cause of the death or injury." <u>Burrage v. United States</u>, 134 S. Ct. 881, 892 (2014). In doing so, the Court

explicitly rejected the Government's interpretation of "results from" to include a substance that merely contributes to death or serious bodily injury. Burrage, 134 S. Ct. at 891.

Both parties agree the jury should be instructed that if the fentanyl identified in Count 13 was the "but for" cause of Roberts' death, the death results enhancement applies. The parties disagree whether the Government's additional requested instruction is appropriate. "[T]he United States contends the jury should be instructed that the 21 U.S.C. § 841(b)(1)(C) enhancement applies if the jury finds *either* — (1) the level of fentanyl in Matthew Roberts' post-mortem blood was 'independently sufficient' to cause death; *or* (2) the fentanyl was the 'but for' cause of Roberts' death." (Doc. 83 at 1). Thus, the Government would have the Court instruct the jurors on two options under which they could convict Snellgrove. Snellgrove, however, argues "a simple 'but for' instruction as proposed by the defendant is appropriate." (Doc. 84 at 4).

## II.    Discussion

The Government argues that the independently sufficient instruction is appropriate if "evidence at trial that the amount of post-mortem fentanyl detected in Matthew Roberts' body was independently sufficient to cause his death . . . ." (Doc. 83 at 2).[1] The Government believes an "independently sufficient" instruction is appropriate even without multiple independently sufficient causes.[2]

Snellgrove disagrees. He maintains the "'independently sufficient' charge should be reserved for such cases where multiple sufficient causes independently could cause the death." (Doc. 84 at 4). Snellgrove acknowledges the appropriateness of the independently sufficient

---

[1] See also id. ("21 U.S.C. § 841(b)(1)(C) requires proof of 'but for' causation, the Court explained that this proof is required in the *absence* of proof that the distributed drug was 'independently sufficient' to cause death. Accordingly, if sufficient evidence is presented at trial, it is legally correct to instruct the jury regarding *both* 'independent sufficiency' and 'but for['] causation.").

[2] The Government cites United States District Judge Reade's instructions in United States v. Richard Leroy Parker, 17-cr-01034-LRR (N.D. Iowa). In that particular case, the defendant was apparently charged with distributing two drugs, heroin and cocaine, to the victim, both of which resulted in the victim's death. In this case, Snellgrove is charged with prescribing one drug (fentanyl) resulting in Roberts' death.

charge in some instances. But, he predicts there will not be evidence in this case that multiple substances independently caused Roberts' death. He therefore argues that only the "but for" instruction is appropriate.

Burrage did not establish two standards for liability. It clearly requires "but for" causality. See Burrage, 134 S. Ct. at 888 ("[the statute] is written to require but-for cause"). The Court described but-for causality in two situations. First, but-for causality exists when "A shoots B, who is hit and dies, we can say that A actually caused B's death, since but for A's conduct B would not have died." Burrage, 134 S. Ct. at 888 (quoting 1 W. LaFave, Substantive Criminal Law § 6.4(a), pp. 467-68 (2d ed. 2003)) (internal brackets omitted). Second, the Court explained but-for causality exists when a "predicate act combines with other factors to produce the result, so long as the other factors alone would not have done so—if, so to speak, it was the straw that broke the camel's back." Id. at 888. The example for this instance was as follows: "if poison is administered to a man debilitated by multiple diseases, it is a but-for cause of his death even if those diseases played a part in his demise, so long as, without the incremental effect of the poison, he would have lived." Id. Under both examples, but-for causality exists.

Burrage acknowledged but-for causality has its limits. It recognized that when more than one independently sufficient cause concurrently result in death, the but-for standard is inapplicable because it logically does not fit.[3] Justice Scalia employed the following example to illustrate:

> if "A stabs B, inflicting a fatal wound; while at the same moment X, acting independently, shoots B in the head ... also inflicting a fatal wound; and B dies from the combined effects of the two wounds," A will generally be liable for homicide even though his conduct was not a but-for cause of B's death (since B would have died from X's actions in any event).

---

[3] Justice Scalia identified this as "[t]he most common (though still rare)" instance where "courts have not *always* required strict but-for causality, even where criminal liability is at issue." Burrage, 134 S. Ct. at 890 (emphasis in original).

3

Burrage, 134 S. Ct. at 890 (2014) (quoting LaFave, Substantive Criminal Law § 6.4(a), pp. 468) (internal brackets omitted).[4] The illustration entails two fatal blows by two sources. A's stab is fatal, and X's gunshot is fatal. B's death was not solely attributable to either blow, which is to say neither are the but-for cause of B's death. What is clear from Justice Scalia's illustration is that *multiple* independent causes of death are necessary to render but-for causality instruction unsuitable.

The source of the Government's contention originates in large part from its reading of the Court's final paragraph's first sentence. The Court held

> at least where use of the drug distributed by the defendant is not an independently sufficient cause of the victim's death or serious bodily injury, a defendant cannot be liable under the penalty enhancement provision of 21 U.S.C. § 841(b)(1)(C) unless such use is a but-for cause of the death or injury.

Burrage, 134 S. Ct. at 892. The Government interprets this qualifier ("at least where use of the drug distributed by the defendant is not an independently sufficient cause of the victim's death or serious bodily injury") to require but-for causation unless "proof that the distributed drug was 'independently sufficient' to cause death" is present. (Doc. 83 at 2). If "proof that the distributed drug was 'independently sufficient' to cause death" is presented, the Government argues Burrage permits a two-option jury instruction that includes both "but for" and "sufficiently independent."

The Court declines to adopt the Government's interpretation. The Court does not read Burrage to suggest that evidence of only one sufficient cause invokes the need to provide the "independently sufficient" instruction to be provided. Rather, Burrage implies that the "independently sufficient" exception to the general but-for causal standard is applicable only where two or more causes would independently result in death. The Court explained this

---

[4] The Court in Burrage neither accepted nor rejected this "special rule" because the Government did not submit evidence that the heroin the defendant supplied was an independently sufficient cause of the victim's death. "No expert was prepared to say that Banka would have died from the heroin use alone." Burrage, 134 S. Ct at 891.

scenario and identified when it might be appropriate earlier in the opinion. There, the Court recognized "the undoubted reality that courts have not *always* required strict but-for causality, even where criminal liability is at issue." Burrage, 134 S. Ct. at 890. It described this as "occur[ring] when multiple sufficient causes independently, but concurrently, produce a result." Id. Three words in that sentence bear emphasis. First, the Court includes the word "multiple[,]" (i.e., more than one). Second, it employed the use of the plural of "cause" to correspond to "multiple." Finally, the Court saw fit to include "but concurrently[.]" A single cause cannot be concurrent by itself. All of this strongly suggests the Court envisioned this "independently sufficient" instance to be proper only when more than one cause was deemed sufficient to cause death.

Several of the cases to which the Government cites support this point. In United States v. Snider, 180 F.Supp.3d 780, 794 (D. Or. 2016), appeal dismissed (Sept. 7, 2016), the court in a § 2255 petition, interpreted Burrage to mean the but-for causal standard either is displaced or "encompass[es] a situation when use of a drug distributed by a defendant is independently sufficient to cause death despite the presence of other concurrent sufficient causes." Id. In so holding, the court recognized that "other concurrent sufficient causes" must be present in order to displace the "ordinarily applicable" standard. Id. Other cases the Government cite in support are not directly on point or require the defendant to overcome a heavy burden. See Roundtree v. United States, 885 F.3d 1095, 1098 (8th Cir. 2018) (requiring the defendant demonstrate the challenged instruction "so infected the entire trial that the resulting conviction violates due process") and United States v. Allen, 716 F. App'x 447, 450 (6th Cir. 2017) (discussing Burrage in the context of a challenge to the sufficiency of the evidence).

The Eleventh Circuit has weighed into the matter in a decision that pre-dated Burrage. In Webb, the trial court instructed the jury that the government must prove causality under the but-for standard. The defendant challenged the court's denial of his requested instruction that the jury must also find the death reasonably foreseeable. United States v. Webb, 655 F.3d 1238, 1249 (11th Cir. 2011) (per curiam). Rejecting the defendant's challenge, the Eleventh Circuit held the death enhancement did not require proximate cause and that

> The district court properly instructed that the § 841(b)(1)(C) standard was satisfied upon a finding that, but for the victims' ingesting the controlled substances charged in the indictment, the victims would not have died. This "but for" charge told the jury it had to find "but for" (had it not been for) the victim's ingestion, no death would have occurred. The statutory term "results from" is a cause-in-fact requirement that was met by the "but for" charge. Thus, as to § 841(b)(1)(C), the district court's jury instructions were correct, and Webb's requested instructions were not.

Webb, 655 F.3d at 1255.

In sum, Burrage clearly outlines an instance in which but-for cause is inapplicable, not where both but-for cause and "independently sufficient" should be given together. The Court recognized proof of but-for causation is impossible when multiple, independently sufficient causes result in death. Accordingly, where there is not evidence of multiple independently sufficient causes, the only appropriate instruction is the but-for causality instruction.

## III. Conclusion

The Government helpfully posed the question to which its pretrial brief sought an answer:

> Presuming there is evidence at trial that the amount of post-mortem fentanyl detected in Matthew Roberts' body was independently sufficient to cause his death, is it legally correct to instruct the jury that the death enhancement applies if *either* (1) the fentanyl was "independently sufficient" to cause Roberts' death, *or* (2) the fentanyl was the "but-for" cause of Robert's death?

The answer is it depends on the evidence. If the evidence supports that only the fentanyl was sufficient to cause Roberts' death, the but-for causality instruction will be given. If evidence

6

presented at trial demonstrates multiple independently sufficient causes would have resulted in death, the Court will instruct the jury accordingly.

**Done** the 27th day of April 2018.

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**CHIEF UNITED STATES DISTRICT JUDGE**