IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| | *   Criminal No. 16-00226-KD |
| v. | * |
| | * |
| RICHARD SNELLGROVE, M.D. | * |

## MOTION IN LIMINE TO PRECLUDE DISCUSSION OF CIVIL WRONGFUL DEATH LAWSUIT

Comes now the United States of America, by and through Richard W. Moore, the United States Attorney for the Southern District of Alabama, and files this motion in limine to preclude defense counsel from mentioning the existence of a civil wrongful death lawsuit unless they have established a legitimate basis for doing so outside the presence of the jury.

### BACKGROUND

On January 30, 2018, Darrell Roberts, Sr. — the father and administrator of the estate for the deceased Matthew Roberts — filed a civil wrongful death lawsuit in Baldwin County Circuit Court against Dr. Richard Snellgrove, his medical clinic, and Rite Aid. Some of the allegations in the civil complaint parallel the criminal offenses with which Dr. Snellgrove has been charged.

Today, May 8, 2018, defense counsel informed the United States that they intend to discuss the civil lawsuit during their opening statements.

### ANALYSIS

Dr. Snellgrove is charged with eleven counts of unlawfully prescribing Controlled Substances and two counts of healthcare fraud. The alleged offenses occurred in August 2015 and between March and August 2016. The conduct was charged by Complaint and Indictment in October 2016, and then by Superseding Indictment in October 2017. Darrell Roberts, Sr.'s civil lawsuit was filed in January 2018 — months after the charges and years after the conduct.

1

If Darrell Roberts, Sr. testifies during the criminal trial, then the fact he filed a civil lawsuit against Dr. Snellgrove is appropriate fodder for cross-examination.  This would be a legitimate basis for bringing up the existence of the civil lawsuit.  However, absent its possible impeachment value against Darrell Roberts, Sr., the civil lawsuit is completely irrelevant to all matters of consequence in this trial.  Its existence has absolutely no bearing on whether any prescriptions were lawfully written, whether Dr. Snellgrove committed healthcare fraud, or whether Matthew Roberts' death resulted from his use of the identified fentanyl.

Discussing the existence of the civil lawsuit in this criminal case will do nothing but confuse the jury and distract from the actual issues.  Worse, discussing the civil lawsuit without a legitimate basis for doing so has the potential to invite jury nullification — which is a matter of concern the United States has repeatedly raised in pretrial motions.

### CONCLUSION

For the reasons set out herein, the United States requests the Court preclude the defense from mentioning the civil lawsuit unless they can establish a legitimate basis for doing so beforehand and outside the presence of the jury.

Respectfully submitted this 8th day of May, 2018.

RICHARD W. MOORE
UNITED STATES ATTORNEY

By: */s/Christopher J. Bodnar*
Christopher J. Bodnar
Assistant United States Attorney
63 South Royal Street, Suite 600
Mobile, Alabama 36602
(251) 441–5845
christopher.bodnar@usdoj.gov

By: */s/Deborah A. Griffin*
Deborah A. Griffin
Assistant United States Attorney
63 South Royal Street, Suite 600
Mobile, Alabama 36602
(251) 441-5845
deborah.griffin@usdoj.gov