IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA<br>      Plaintiff, | * | |
| v | * | CRIMINAL NO. : 16-226 |
| RICHARD SNELLGROVE, M.D.<br>      Defendant. | * | |

**RESPONSE IN OPPOSITION TO THE MOTION IN LIMINE TO PRECLUDE THE DISCUSSION OF CIVIL WRONGFUL DEATH LAWSUIT**

COMES NOW the Defendant, Richard Snellgrove, M.D., by and through the undersigned counsel, Dennis J. Knizley and respectfully moves this Honorable Court to deny the motion in limine to preclude the discussion of civil wrongful death lawsuit in this case and, as suggested in the government's motion, establishes the legitimate basis for doing so by the assertions set out below:

    1. Darrell Roberts, Sr. is a critical witness in this case. His credibility will be a central issue in the case as well. As his credibility will be an issue, as conceded by the government, his impeachment as to bias or motive in his testimony is relevant and material to the issues in this case.

    2. Darrell Roberts, Sr.'s testimony will be essential to the government proving its allegations in the indictment. He may also be called as an adverse witness by the defendant. Roberts was an eyewitness at several critical factual junctures that make the bases of the allegations in this case. Also, his credibility as to what he has previously reported to law enforcement and others is a subject matter of serious dispute.

    3. Specifically, it is expected that Darrell Roberts, Sr.'s testimony will center around several of the following critical time frames and issues in this case.

    a. Darrell Roberts, Sr. accompanied Matthew Roberts, his son, on a trip to Wisconsin in the final hours of his life. According to discovery produced by the government, Darrell Roberts, Sr. was in his son's presence almost continuously for the twenty hours leading up to the time of his son's death.

  b. Darrell Roberts, Sr. has related to the government that he spent the night at Matthew Roberts home on August 18; in the early morning hours traveled with him to the Pensacola airport to board a plane going to Wisconsin; traveled by aircraft with Matthew Roberts to Wisconsin; rode with Matthew Roberts in an automobile for approximately three hours before arriving at a place where Matthew Roberts rehearsed with a band; watched rehearsal with the band continuously until departing the location at approximately 1:00 a.m.; accompanied Matthew Roberts in an automobile ride to a hotel and registered in the hotel at approximately 1:30 a.m.; and was likely the last person to see Matthew Roberts alive before he expired in the hallway between the two adjoining rooms they had in the hotel.

  c. Darrell Roberts, Sr.'s statement to law enforcement conflicts with information gathered by law enforcement agencies from other eye witnesses in regard to the behavior, demeanor, and actions of Matthew Roberts leading up to his death. This is important on the issue of what substances other than the prescribed medication for which the government contends Matthew Roberts died from, that is, what Matthew Roberts ingested during the time frame he was with his father leading up to his death.

  d. The father relates no unusual behavior of Roberts leading up to the time of the end of the rehearsal at about 1:00 a.m.; this contrasts with other interviews by law enforcement with the band members he practiced with. Essentially all band rehearsal attendees say he began to be much more disorientated, suggesting drug use during the practice session. Darrell Roberts, Sr. denies such, and claims he was acting normal during that time frame.

  e. Darrell Roberts, Sr. accompanied Matthew Roberts on many occasions to the defendant's medical office for examinations. Statements of Darrell Roberts, Sr. are inconsistent with what the defendant expects one or more other witnesses will testify to about what transpired during these office visits. Therefore, his credibility will be in question as to what transpired on those occasions.

  f. A prescription to Darrell Roberts, Sr. is the subject of counts one and two of the indictment. The government alleges that the defendant wrote a prescription to Darrell Roberts, Sr. for certain medications but the medications were intended to go to Matthew Roberts. The defendant adamantly denies this allegation. Darrell Roberts, Sr. told law enforcement on September 14, 2016 he did not receive or authorize the prescription.

Eleven months later on August 1, 2017 in an interview with the pharmacy technician who asserted in filling the prescriptions issued to Darrell Roberts, Sr. that are the subject of counts one and two, law enforcement was informed Darrell Roberts, Sr. had called the pharmacy asking to have the prescription filled.

In another interview of Darrell Roberts, Sr. on the same day, once his involvement with the prescription was exposed by a pharmacy technician claiming Darrell Roberts, Sr. called her about filling the said prescription, his statement in regards to that changed. However, the disclosures known thus far by the defendant is that Darrell Roberts, Sr. "probably" talked to the pharmacy technician that filled the prescription that was the subject matter of count one and two. In the same conversation, according to government disclosures, he admits to enabling behavior as to Matt Roberts drug addiction. His credibility in connection with his discussions with the pharmacy technician about the prescriptions involved in counts one and two will be critical.

4. The defendant would expect Darrell Roberts, Sr.'s testimony to concern many other factual aspects of the case. It would be very difficult for the prosecution to develop their case in counts one and two, and to a lesser degree in count thirteen, and to some extent counts three, four, seven, ten and twelve without the testimony of Darrell Roberts, Sr.

5. The defense believes that is highly unlikely that the government would make a representation to the court that Darrell Roberts, Sr. will not be a material witness in this case. It is unlikely that the government would represent that Mr. Roberts has not given conflicting accounts of his own statements to law enforcement, and accounts that conflict with other witnesses.

6. The fact that he has a financial interest in the outcome of a civil suit that is based upon many of the facts, as the government has recognized, that exists in this case, is a clear basis for the submission of testimony regarding bias or motive arising from that financial interest. Particularly, the basis of the suit is the alleged wrongful death of his son, which in this case it's alleged to be at the hands of the defendant, which Darrell Roberts, Sr. has sued. The fact of the existence of the civil action is critical to his credibility, and as such a critical part of this case.

7. Contrary to the government's assertions, there is nothing confusing about evidence that a witness' testimony may be subject to bias if that witness has a monetary

interest in the outcome of a directly related civil case. This is particularly so if the witness will be called to testify regarding the same subject matter in the civil case, and the veracity of the witness has a bearing on whether he will be financially enhanced.

This type testimony does not invite "jury nullification" as the government contends; instead it assists the jury in its search for the truth and a just verdict.

8. To exclude any reference in opening statement to this aspect of the case would deny the defendant an opportunity to properly present his defense and erode the very purpose of opening statements.

WHEREFORE, premises considered, the Defendant respectfully moves this Honorable Court to deny the motion in limine to preclude the discussion of the civil wrongful death lawsuit and for such other, further and different relief, premises considered.

Respectfully submitted,

/s/ Dennis J. Knizley
Dennis J. Knizley
Attorney for the Defendant
7 N. Lawrence Street
Mobile, Alabama 36602
Phone: (251) 432-3799
Fax:     (251) 432-4539

### CERTIFICATE OF SERVICE

I hereby certify that I have on this 9th day of May 2018, served a true and correct copy of the foregoing pleading by electronically filing same with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Assistant U.S. Attorney Deborah A. Griffin.

/s/ Dennis J. Knizley
Dennis J. Knizley